355 F.3d 206
 Galerie GMURZYNSKA, Plaintiff-Appellee,
v.
Ingrid HUTTON, Leonard Hutton Galleries, Inc., Magdalena Dabrowski, Eugena Ordonez, a/k/a Eugena Chu, Alexandra Shatskikh, Defendants-Appellees, and
Bengt SCHWITTERS, Defendant.
 Docket No. 03-7317.
 United States Court of Appeals, Second Circuit.
 Argued October 20, 2003.
 Decided January 13, 2004.
 
 Appeal from the United States District Court for the Southern District of New York, Richard M. Berman, J. COPYRIGHT MATERIAL OMITTED Judd Burstein, New York, N.Y. (Peter B. Schalk, Judd Burstein, P.C., of counsel), for Plaintiff-Appellant.
 
 
 1
 Richard Wasserman, New York, N.Y. (George P. Felleman, Douglas J. Lutz, Wasserman Grubin & Rogers, LLP, of counsel), for Defendants-Appellees Ingrid Hutton and Leonard Hutton Galleries, Inc.
 
 
 2
 Jeremiah S. Gutman, New York, N.Y. (Levy Gutman, of counsel), for Defendant-Appellee Eugena Ordonez.
 
 
 3
 Daniel H. Weiner, New York, N.Y. (Robin Jackson, Hughes Hubbard & Reed LLP, of counsel), for Defendant-Appellee Magdalena Dabrowski.
 
 
 4
 Jean M. Swieca, New York, N.Y. (William M. Popalisky, John F. Finnegan, Christopher Griffith, Cadwalader, Wickersham & Taft LLP, of counsel), for Defendant-Appellee Alexandra Shatskikh.
 
 
 5
 (Bernard Ben Buecker, San Antonio, TX (Law Offices of Ben Buecker; Jay Safar, Brian R. Feinstein, Central Islip, NY, Sinnreich & Safar LLP, of counsel)), for Defendant Bengt Schwitters.
 
 
 6
 Before OAKES, MESKILL and B.D. PARKER, Circuit Judges.
 
 
 7
 PER CURIAM.
 
 
 8
 Plaintiff-appellant Galerie Gmurzynska ("Galerie"), an art gallery in Germany, sued defendant-appellees Leonard Hutton Galleries, Inc., a competing New York gallery, and its owner, Ingrid Hutton (collectively, "Hutton Galleries"), as well as three art experts, Magdalena Dabrowski, Eugena Ordonez, and Alexandra Shatskikh.[1] The complaint alleged that Hutton Galleries promoted itself and disparaged Galerie in the Russian avant-garde art world by conspiring with the art experts to have them falsely question the authenticity of Galerie's artwork in their expert opinions. The complaint asserted a claim under section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and state law claims for tortious interference with business expectancy and defamation. It also sought declaratory judgment that the works of art Galerie sold were genuine.
 
 
 9
 The United States District Court for the Southern District of New York, Richard M. Berman, Judge, dismissed the complaint as to all defendants, finding that the Lanham Act claims against the art experts failed because there was no allegation the experts were in commercial competition with Galerie, and that the claims against Hutton Galleries failed because there was no allegation that Hutton Galleries made any false or misleading representations. The court held that the conclusory allegations of conspiracy failed to salvage plaintiff's Lanham Act claims. With no justiciable controversy remaining, the court also dismissed the declaratory judgment claim and declined to exercise jurisdiction over the pendent state law claims.
 
 
 10
 Galerie now appeals, claiming that the district court improperly applied a heightened pleading standard contrary to the liberal pleading standards of the Federal Rules of Civil Procedure recently reaffirmed in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Under the federal rules, "a complaint must include only `a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz, 534 U.S. at 513, 122 S.Ct. 992 (quoting Fed.R.Civ.P. 8(a)(2)). A short and plain statement "must simply `give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). We find that even under this liberal pleading standard, the complaint does not state a claim for violation of the Lanham Act. Accordingly, we affirm its dismissal.
 
 
 BACKGROUND
 
 
 11
 The 33-page complaint describes a long-simmering hostility between the two competing art galleries. In the allegations relevant to this decision, the complaint distills two schemes as the basis for its claims.
 
 
 12
 In one scheme, Ms. Dabrowski, an art historian and a former senior curator at the Museum of Modern Art ("MOMA"), allegedly disparaged Galerie in three private consultations with Mr. Norbert du Carrois, an art collector, on April 20, October 25 and November 28, 2000. In each of these meetings, du Carrois inquired about certain works that Galerie had shown or was offering for sale. In response to these inquiries, Dabrowski said in the first meeting that one work was "not what you want for your collection," and that du Carrois should go to the Hutton Gallery because there, "you will find what you are looking for." In the second meeting, Dabrowski told du Carrois that a drawing offered for sale by Galerie was worthless, that Krystyna Gmurzynska "has no knowledge of Russian art," and that she was "only working for the money." Furthermore, she said Galerie was selling fake works by a non-existent artist. In the third meeting, du Carrois showed Dabrowski a drawing from Galerie he was considering purchasing, and "she immediately replied, `it's nothing,"' and told du Carrois she had advised another customer that certain works were "not worth to be acquired." She also said that a painting owned by Galerie was "so bad" and made by the artist's pupils. When du Carrois mentioned an expert who had supported the authenticity of works in a particular collection, she said the works in that collection were "doubtful" and that the said expert was not credible. She then criticized other drawings as "`ridiculous,' `fakes,' `caricatures,' and `like a child's drawing.'" She went on to say that all the works that Ernst Schwitters, a collector, bought from Galerie were fakes, that the Sprengel Museum in Hanover, Germany, had asked a restorer to check up on them, and that all were made after 1940.
 
 
 13
 In a second scheme, the Sprengel Museum allegedly solicited and relied upon expert opinions by Ordonez, an art historian and assistant conservator for MOMA, and Shatskikh, an expert in Russian art, to support statements the museum had already published in its exhibition catalogue challenging the authenticity of eight works that had been purchased from Galerie. As part of this museum scheme, the experts influenced a reporter for the journal ART-news to write a negative article about the ensuing controversy between Galerie and the museum. Although the article was not published, the journal had advertised that it would be publishing an article concerning Galerie's dispute with the museum.
 
 
 14
 Galerie's complaint refers to the defendants as conspirators throughout, and alleges that their conduct in the two schemes was "part of a larger illicit compact pursuant to which Dabrowski, Ordonez and Shatskikh ... do Hutton's bidding," and that the defendants agreed to deliver the opinions Hutton wanted. The complaint states this conspiracy created a prospective customer for Hutton Galleries each time defendants persuaded a customer not to deal with Galerie.
 
 
 DISCUSSION
 
 
 15
 We review de novo the Rule 12(b)(6) dismissal of plaintiff's complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46, 78 S.Ct. 99. An appellate court is "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987).
 
 
 16
 Galerie claims a violation of the Lanham Act, which provides, in relevant part:
 
 
 17
 (a) Civil action
 
 
 18
 (1) Any person who, on or in connection with any goods or services, ... uses in commerce any ... false or misleading description of fact, or false or misleading representation of fact, which —
 
 
 19
 (A) [...], or
 
 
 20
 (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
 
 
 21
 shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
 
 
 22
 15 U.S.C. § 1125(a)(1)(B)(2003).
 
 
 23
 In this circuit, to constitute "commercial advertising or promotion" under the Lanham Act, a statement must be: (1) "commercial speech," (2) made "for the purpose of influencing consumers to buy defendant's goods or services," and (3) "although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public." See Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56, 57-58 (2d Cir.2002)(adopting three elements of the four-prong test enunciated in Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics, 859 F.Supp. 1521, 1535-36 (S.D.N.Y.1994), and expressing no view regarding soundness of prong requiring that defendant and plaintiff be competitors). Commercial speech is "`speech which does no more than propose a commercial transaction.'" City of Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 422, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993)(quoting Bolger v. Youngs Drug Products Corp., 463 U.S. 60, 66, 103 S.Ct. 2875, 77 L.Ed.2d 469 (1983)(internal quotation omitted)).
 
 
 24
 Galerie has not pleaded a violation of the Lanham Act because it has not alleged any false statements "in commercial advertising or promotion." The art experts' opinions and assertions, solicited by either the art collector or by the museum, are not commercial advertising or commercial promotion for Hutton Galleries. The museum exhibition catalogue is not commercial advertising or promotion for Hutton Galleries. Furthermore, Hutton Galleries did not make any of the alleged misrepresentations, and the complaint specifically alleges that the museum, and not the expert defendants, made the alleged misrepresentations in the museum catalogue, both before and after the defendants offered their support.
 
 
 25
 The allegation that defendants caused a journalist to write an article about the controversy with the museum is similarly inadequate under the Lanham Act. The journalist's article is not commercial advertising, commercial promotion, or commercial speech. Rather, it is speech that is traditionally granted full protection under the First Amendment. "As always with the public expression of opinion, `we have been careful not to permit overextension of the Lanham Act to intrude on First Amendment values.'" Boule v. Hutton, 328 F.3d 84, 91-92 (2d Cir.2003)(quoting Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir.1995)). In Boule, this court decided with little hesitation that, as a matter of law, a similar ARTnews article about fraud in the art market and the defendants' statements quoted in it were not commercial speech. Id. at 91. Furthermore, Galerie's complaint does not allege that the announcement of the forthcoming article, which was never published, made a factual assertion about Galerie's goods or services. Rather, the complaint alleges that the article included a statement about the existence of a dispute between the museum and Galerie — a statement which is true by the complaint's own admissions.
 
 
 26
 The acts of the individual defendants do not constitute violations of the Lanham Act and Galerie's allegations of conspiracy cannot transform them into such. See World Wrestling Fed'n Entm't, Inc. v. Bozell, 142 F.Supp.2d 514, 532 (S.D.N.Y.2001)(conspiracy to commit common law tort under New York law requires proof of "the primary tort")(emphasis added); see also Beck v. Prupis, 529 U.S. 494, 502, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000) (citing well-established common-law civil conspiracy principle that a "conspiracy cannot be made the subject of a civil action unless something has been done which, absent the conspiracy, would give a right of action"). Because Galerie has not adequately pled any actionable underlying federal claim, its allegations of conspiracy are without legal import.
 
 
 27
 In sum, we find that, even when considered under the Rules' liberal pleading standards, Galerie's allegations are insufficient to withstand a motion to dismiss. We therefore affirm the decision of the district court dismissing the complaint.
 
 
 CONCLUSION
 
 
 28
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 The complaint also named Bengt Schwitters, alleging that the Sprengel Museum of Hanover, Germany, disparaged Hutton Gallery at Schwitters' behest. The claims against him were dismissed for lack of personal jurisdiction. Galerie does not appeal that decision