**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Plaintiff–Appellant,**

v.

**Charles BLITZ, Ron Carey, Ira Arlook, Rochelle Davis and William Hamilton, Defendants–Appellees,**

Jere NASH, November Group, Inc., Martin Davis, Share Group, Inc., Michael Ansara, Barbara Arnold, Citizen Action Management Fund, Cohen, Weiss and Simon, and Nathaniel Charny, Defendants.

No. 04–0897.

United States Court of Appeals, Second Circuit.

March 1, 2005.

J. Bruce Maffeo, New York, NY, for Appellant.

Sheryl E. Reich, Gerald B. Lefcourt P.C., New York, NY, for Appellee Charles Blitz.

Judith Brown Chomsky, Elk Park, PA, for Appellee Ron Carey.

Michael J. Mueller, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C., for Appellee Ira Arlook and Appellee Rochelle Davis.

Robert J. Boyle, New York, NY, for Appellee William Hamilton.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

## AMENDED SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant International Brotherhood of Teamsters ("Teamsters") appeals the district court's dismissal of its Racketeer Influenced and Corrupt Organizations Act ("RICO") claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history and specification of appellate issues and hold as follows.

This court reviews the district court's dismissal of a complaint for failure to state a claim de novo. *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir.2004). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004) (internal quotation marks and citation omitted).

The Teamsters brought this RICO claim under 18 U.S.C. § 1962(c), which prohibits an individual from participating in an enterprise's affairs "through a pattern of racketeering activity" and 18 U.S.C. § 1962(d), which prohibits an individual from participating in a conspiracy to violate 18 U.S.C. § 1962(c). A "pattern of racketeering activity consists of at least two [predicate] acts of racketeering activity committed in a ten-year period ... which amount to or pose a threat of continued criminal activity." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir.2004) (internal quotation marks and citations omitted; alteration in original).

The district court held that the amended complaint did not sufficiently allege the so-called "continuity" element. "Open-ended" continuity, which is at issue

---

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

in this case, is "past criminal conduct coupled with a threat of future criminal conduct." *GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463, 466 (2d Cir.1995). A threat of continued criminal activity is established "where the predicate acts include a specific threat of repetition extending indefinitely into the future, or where the acts form part of a long-term association that exists for criminal purposes, or where the acts constitute a regular way of conducting [an] ongoing legitimate business." *United States v. Aulicino*, 44 F.3d 1102, 1111 (2d Cir.1995) (internal quotation marks and citations omitted). We have reviewed the amended complaint and relevant case law and hold that the Teamsters can prove no set of facts in support of its claim which would entitle it to relief. To the extent that the allegations suggest a risk of recurrence of the criminal activity in connection with a future election, these allegations are purely speculative as they depend on, among other things, the same confluence of political and economic factors. *Cf. GICC Capital Corp.*, 67 F.3d at 466 (holding that allegation that defendant would have continued to transfer money abroad but for the commencement of litigation was entirely speculative).

We therefore affirm the judgment of the district court.