**Russell D. PALMER, Plaintiff–Appellant,**

v.

**ESTATE OF Police Officer STUART, Defendant–Appellee.**

**No. 06–1594–pr.**

United States Court of Appeals, Second Circuit.

April 22, 2008.

Peter Knob and Sean Mulryne (Jonathan Romberg, of counsel), Seton Hall University School of Law, Newark, NJ, for Plaintiff–Appellant.[1]

Scott Shorr (Michael A. Cardozo, Corporation Counsel, on the brief; Barry P. Schwartz, of counsel), New York City Law Department, New York, NY, for Defendant–Appellee.

PRESENT: JOHN M. WALKER, JR., JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Russell D. Palmer brings this suit pursuant to 42 U.S.C. § 1983, seeking damages for claims arising from his March 26, 1999 arrest by officers of the New York City Police Department. The District Court dismissed the action with prejudice in a judgment entered on January 9, 2006. On appeal, Palmer contends that the District Court erred by denying him permission to add two additional defendants to his suit. We assume the parties' familiarity with the facts, the issues on appeal, and the procedural history of this case.

Palmer, who was *pro se* in the proceedings before the District Court, moved to add two officers to his suit on January 12, 2004, well after the statute of limitations on his claims had expired. *Cf. Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994) (noting that the statute of limitations "[f]or § 1983 actions arising in New York ... is three years"). The District Court denied Palmer's motion upon concluding that Palmer's proposed amendments could not be rendered timely by relation back to his original complaint because Palmer's failure

1. Mr. Knob and Mr. Mulryne appear pursuant to Local Rule 46(e) (appearance and argument by eligible law students).

to name the additional officers was not a mistake.[2]

Review of the record indicates that Palmer was present at a preliminary hearing of April 2, 1999, where one of the officers appeared and described both officers' roles in Palmer's March 26, 1999 arrest. The record further indicates that, on May 17, 1999, Palmer testified before a Grand Jury that the police officer who arrested him had searched him first, and that Officer Stuart had not been on the scene at that time of his arrest. Palmer concedes that, at the time that he prepared his complaint, he had in his possession an invoice identifying Officer Harding as the officer who had conducted the search of Palmer's person. For these reasons, it is clear that Palmer was in a position to know the names and relevant actions of both officers before August 18, 2001—the date on which he signed his original complaint. Under our case law, this knowledge defeats any claim of mistake. *See, e.g., Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir.1994) (holding that, where a plaintiff "knew the identities" of the defendants she proposed to add to her complaint, "her failure to [sue] them in the original complaint, in light of her obvious knowledge[,] ... must be considered a matter of choice, not mistake"); *accord Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir.1995). Accordingly, we conclude that the District Court was correct to deny Palmer's motion to amend his complaint.[3]

Having considered all of Palmer's arguments and found them to be without merit, we hereby AFFIRM the judgment of the District Court.

---

2. Federal Rule of Civil Procedure 15(c) indicates when "[a]n amendment of a pleading relates back to the date of the original pleading." At the time that Palmer moved to amend his complaint, the rules relating to "amendment[s] chang[ing] the party or the naming of the party against whom a claim is asserted" were set forth in subsection (c)(3). Fed.R.Civ.P. 15 (2004). Subsection (c)(3) stated in relevant part that an amendment related back if the requirements of subsection (c)(2) were satisfied and

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3) (2004). Subsection (c)(2) required "the claim or defense asserted in the amended pleading" to "ar[i]se out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2) (2004).

3. The District Court based its denial of Palmer's motion on Palmer's representations that he was "unaware" of the names of the two additional officers "until December 5, 2003." App. 121, 128. *Cf. Barrow*, 66 F.3d at 470 (holding that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities"). This does not affect our analysis, however, because " '[a]n appellate court is free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court,' " *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability*, 488 F.3d 112, 134 (2d Cir.2007) (quoting *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004)).