15-2009-cv
Jus Punjabi, LLC v. Iris Media Works, Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand sixteen.

Present:     AMALYA L. KEARSE
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                      *Circuit Judges*.

_____

JUS PUNJABI, LLC, PENNY K. SANDHU,

                 *Plaintiffs-Appellants*,

            v.                                    15-2009-cv

GET PUNJABI US, INC., HARWINDER SINGH, MANINDER SINGH, MANISH VASISHT, ASHOK MATHIAS, PARDES NEWS MEDIA INC., BALWANT SINGH MALLAH,

                 *Defendants-Appellees*,

IKK ONKAR MEDIA US INC., IRIS MEDIA WORKS LIMITED, IRIS MEDIA WORKS USA, INC., AMIT KHURANA,

                 *Defendants*.[1]

_____

_____

[1] The Clerk of Court is directed to amend the caption as set forth above.

Appearing for Appellants:                    Paul Batista, New York, NY.

Appearing for Appellee Ashok Mathias:        Mark F. Magnozzi (Amish R. Doshi, *on the brief*),
                                             Magnozzi & Kye, LLP, Huntington, NY.

Appearing for Appellees Get Punjabi Inc.,
Harwinder Singh, Maninder Singh, Manish
Vasisht, Pardes News Media Inc., and
Balwant Singh Mallah:                        Robert Knuts, Sher Tremonte LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Woods, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants Jus Punjabi LLC and Penny K. Sandhu appeal from the May 20, 2015 memorandum and order of the United States District Court for the Southern District of New York (Woods, *J.*), dismissing their amended complaint for failing to state a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. § 1961 et seq., or a Lanham Act claim, 15 U.S.C. § 1114, et seq. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs first challenge the district court's dismissal of their civil RICO claims, brought under 18 U.S.C. § 1964(c). Plaintiffs claim that they were injured by defendants' violation of 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(b), 18 U.S.C. § 1962(c), and 18 U.S.C. § 1962(d). "To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal quotation marks omitted). "To establish a substantive RICO violation, a plaintiff must show a 'pattern of racketeering activity,'" *id.* (quoting 18 U.S.C. § 1962(a)-(c)), "and to establish a RICO conspiracy, a plaintiff must show a conspiracy to commit a substantive RICO violation," *id.* (citing 18 U.S.C. § 1962(d)).

The district court properly determined that plaintiffs failed to plausibly allege that defendants committed any racketeering predicate acts. *See GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir. 1995); *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004). Because they are fraud-based, predicate acts of wire fraud, mail fraud, and fraud in the use of visas, permits, and passports must be pleaded with particularity in accordance with Federal Rule of Civil Procedure 9(b). *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013); *First Capital Asset Mgmt.*, 385 F.3d at 178. "To satisfy this requirement, a complaint must 'specify the time, place, speaker, and content of the alleged misrepresentations,' 'explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant[] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (alteration in original) (quoting *Caputo*

*v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir. 2001)); *see also Moore v. PaineWebber, Inc.*, 189 F.3d 165, 172-73 (2d Cir. 1999).

We hold that plaintiffs' allegations of mail fraud and wire fraud fail for substantially the same reasons as those stated in the district court's well-reasoned opinion. Plaintiffs allegations of fraud in the use of visas, permits, and passports are likewise insufficient because plaintiffs failed to plead that defendants used an identification document knowing or having reason to know that the document was false or not issued lawfully for the possessor, or that defendants made a false attestation for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act. *See* 18 U.S.C. § 1546(b). Finally, plaintiffs' allegations of money laundering fail to state a plausible claim under Federal Rule of Civil Procedure 8. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) ("Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). Plaintiffs fail to allege a violation of 18 U.S.C. § 1956 because they failed to plausibly plead that the transactions "involved the proceeds of specified unlawful activity" as defined in § 1956(c)(7), or that "defendant[s] knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity." *United States v. Maher*, 108 F.3d 1513, 1528 (2d Cir. 1997). Plaintiffs also fail to plead a violation of 18 U.S.C. § 1957 because they do not allege that the transactions involved criminally derived property or that the property's value exceeded $10,000.

Plaintiffs likewise failed to state a civil RICO claim based on the violation of the RICO conspiracy statute, 18 U.S.C. § 1962(d). Plaintiffs did not plausibly allege that defendants agreed to commit further acts that, had they been carried out, would have satisfied the RICO elements that were deficient with respect to the substantive RICO counts. The district court therefore did not err in dismissing this claim. *See First Capital Asset Mgmt.*, 385 F.3d at 182; *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244-45 (2d Cir. 1999).

Next, the district court properly dismissed plaintiffs' Lanham Act false advertising claim, brought pursuant to 15 U.S.C. § 1125(a), because plaintiffs failed to plausibly plead either that defendants engaged in any commercial speech, *see Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004); *Boule v. Hutton*, 328 F.3d 84, 90-91 (2d Cir. 2003), or that any statements made by defendants were sufficiently disseminated to the relevant purchasing public, *see Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.,* 314 F.3d 48, 57 (2d Cir. 2002); *Boule*, 328 F.3d at 90-91.

Finally, because the district court properly dismissed plaintiffs' federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over plaintiffs' state law claim. *See* 28 U.S.C. § 1367(c)(3); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006).

We have considered all of plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk