17-1894-cv
*Cheng v. Flushing Main Street Post Office*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of April, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
                RAYMOND J. LOHIER, JR.,
                        *Circuit Judges,*
                RICHARD M. BERMAN,
                        *District Judge.*[*]

---

ZHIMIN CHENG,

        *Plaintiff-Appellant,*

        v.                               17-1894-cv

FLUSHING MAIN STREET POST OFFICE,
UNITED STATES POSTAL SERVICE,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**        Zhimin Cheng, *pro se*, Flushing, NY.

**FOR DEFENDANT-APPELLEE:**        Varuni Nelson, Rachel G. Balaban, Sean P. Greene, Assistant United States

---

[*] Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Attorneys, *for* Bridget M. Rohde, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 13, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Zhimin Cheng, proceeding *pro se*, appeals from an April 13, 2017 judgment of the District Court dismissing her complaint against defendant-appellee Flushing Main Street Post Office ("Post Office") for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Cheng sued the Post Office in the Supreme Court of the State of New York, County of Queens, alleging that the Post Office failed to timely deliver several letters she sent or provide return receipts, and seeking $125,000 in damages. The Post Office removed the case to federal court.

Construing Cheng's *pro se* complaint liberally, the District Court determined that Cheng brought tort and contract claims against the Post Office. The District Court dismissed the tort claim because the Federal Tort Claims Act ("FTCA") expressly states that the statute's waiver of sovereign immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The District Court dismissed the contract claim for failure to exhaust administrative remedies. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　\*　　\*

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. *Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011). We are "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004) (internal quotation marks omitted). We construe *pro se* "appellate briefs and submissions liberally and interpret them to raise the strongest arguments they suggest." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (internal quotation marks omitted).

\*　　\*　　\*

On appeal, Cheng principally argues that the case should not have been removed to federal court because she was entitled to a default judgment in state court. We conclude that this argument

2

is without merit. The Post Office was statutorily entitled to remove the action to federal court. 39 U.S.C. § 409(a) ("Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28."). Furthermore, as Cheng admits on appeal, the state court never granted her motion for default judgment.

To the extent that Cheng challenges the merits of the District Court's dismissal of her claims, we determine that her challenges are unavailing. The District Court correctly concluded that the FTCA's waiver of sovereign immunity does not extend to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). And Cheng's contract claim fails for the simple reason she does not identify any contract term that was violated. *See, e.g.*, *Gordon v. Curtis*, 893 N.Y.S.2d 6, 7 (1st Dep't 2009).

One final note: the District Court dismissed the case under Rule 12(b)(1), for lack of subject matter jurisdiction, rather than under Rule 12(b)(6), for failure to state a claim. The District Court had jurisdiction, at least over the contract claim. *See* 39 U.S.C. § 409(a) ("Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."). The District Court nevertheless correctly dismissed the case, for the merit-based reasons stated above. Accordingly, we affirm the judgment of the District Court.

## CONCLUSION

We have reviewed all of the arguments raised by Cheng on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 13, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3