19-1384-cv
*Palm Beach Maritime Museum, Inc. v. Hapoalim Securities USA, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty.

Present:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges*,
> CHRISTINA REISS,
> *District Judge*[*]

---

PALM BEACH MARITIME MUSEUM, INC.,
A FLORIDA NOT FOR PROFIT CORPRATION,
DBA PALM BEACH MARITIME ACADEMY,

> *Plaintiff-Appellant*,

v.                                                            No. 19-1384-cv

HAPOALIM SECURITIES USA, INC.,
A FOREIGN CORPORATION, EDWARD CHAN,
PATRICIA AGUIAR, FABIO D'ASCOLA, AND
BILL BURCKHART,

> *Defendants-Appellees*.

---

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

For Plaintiff-Appellant:  JERMAINE LEE, Hernandez Lee Martinez, LLC, Miami, FL (Scott Zarin, Zarin & Associates, New York, NY, *on the brief*)

For Defendant-Appellees:  DARLENE B. FAIRMAN, Herrick, Feinstein LLP, New York, NY (Carol Michele Goodman, Michael Berengarten, and Scott Corey Ross, Herrick, Feinstein LLP, New York, NY; Stephen Bernard Gillman, Shutts & Bowen LLP, Miami, FL; Brian O'Keeffe Kennedy, Law Office of Brian Kennedy, New York, NY; and Marko Cerenko, Kluger, Kaplan, Silverman, Katzen & Levine, P.L., Miami, FL, *on the brief*)

---

Appeal from an order of the United States District Court for the Southern District of New York (Preska, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on April 10, 2019, is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this Summary Order.

Plaintiff-Appellant Palm Beach Maritime Museum, Inc. ("PBMM") contends that the United States District Court for the Southern District of New York (Preska, J.) improperly dismissed with prejudice its claims of federal securities fraud under the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5 against Defendants Hapoalim Securities USA, Inc. ("Hapoalim"), Edward Chan, Patricia Aguiar, Fabio D'Ascola, and Bill Burckhart (collectively, "Defendants"). We assume the parties' familiarity with the

relevant facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

This case involves a conduit financing transaction which enables a nonprofit corporation or private company to raise capital by accessing the municipal bond market for projects that are expected to foster economic development. In a conduit financing transaction, (1) municipal bonds are sold by a public authority in a bond offering (the "Bond Offering"); (2) the proceeds of the Bond Offering are then lent by the public authority to a private or non-profit entity (the "Borrower") in exchange for a debt instrument pursuant to which the Borrower pays principal and interest; and (3) in the event of a default, the bondholders are limited to the assets of the Borrower instead of having recourse against the public authority that issued the bonds.

In its Complaint, PBMM alleges federal securities fraud claims, asserting it was a "seller" of a "security" under the Exchange Act based on bonds it either issued or caused to be issued to finance real estate projects for its charter school. On appeal, PBMM admits that it did not issue the bonds in question and shifts its theory of liability to argue that its tender of promissory notes to the Public Finance Authority of Wisconsin (the "PFA") rendered it a "seller" of "securities." PBMM first advanced this alternate theory of liability in opposing Defendants' motions to dismiss before the District Court; there is no mention of it in its Complaint.

In this appeal, we are asked to determine whether the District Court properly dismissed PBMM's Complaint when it ruled that PBMM was "neither a purchaser nor a seller of securities with respect to all [D]efendants, and therefore [PBMM] fails to state a claim under the [Exchange] Act." (Op. at 12.) Because we find dismissal was appropriate on other grounds, we affirm that determination without adopting the District Court's rationale. Because we also find the District Court should not have dismissed PBMM's claims with prejudice and should have considered whether to grant leave to amend, we vacate and remand that portion of the District Court's decision.

## I.  Procedural History

On May 7, 2018, PBMM brought suit in the United States District Court for the Southern District of Florida against Defendants, alleging federal securities fraud claims as well as state-law claims based on Defendants' alleged misrepresentations and self-dealing in connection with a Bond Offering. Defendant Hapoalim moved to dismiss the Complaint and to transfer the case to the Southern District of New York. Defendants Chan and D'Ascola joined in Hapoalim's motion to dismiss and filed their own motions to dismiss. Defendant Chan additionally joined in Hapoalim's motion to transfer. PBMM was unable to effect service of process on Defendants Patricia Aguiar and Bill Burckhart.

On January 30, 2019, the case was transferred to the Southern District of New York without a determination of the pending motions to dismiss. Upon transfer, citing Fed. R. Civ. P. 12(b)(1), the District Court dismissed PBMM's federal securities fraud claims with prejudice based on its conclusion that PBMM "was neither a purchaser nor a seller of securities" and therefore failed to "state a claim under" the Exchange Act. (Op. at 12.) The District Court did not grant leave to amend and declined to exercise supplemental jurisdiction over PBMM's state law claims. We review the District Court's decision *de novo. See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019).

## II.  The Allegations of PBMM's Complaint

PBMM is a nonprofit corporation that operates a charter school in Palm Beach County, Florida. It alleges that its investment bankers, a consultant, and members of its Board of Directors made fraudulent misrepresentations in connection with a 2014 Bond Offering made on PBMM's behalf. The purpose of the Bond Offering, as stated in the offering documents presented to PBMM's Board, was to raise funds to finance the purchase and development of two properties that PBMM leased for its school operations. According to the Complaint, Defendants knew, but did not disclose, that PBMM's then-CEO

4

intended to use some of the Bond Offering proceeds to finance additional real estate transactions to which he had secretly committed PBMM without the Board's knowledge or consent.

PBMM asserts that Defendants advanced their private interests at the expense of PBMM's and, in doing so, were aware that PBMM needed to limit its financial obligations because of its strained economic circumstances. PBMM contends that it did not uncover Defendants' purported wrongful conduct until 2017 when discovery in a separate lawsuit revealed Defendants' alleged securities fraud and tortious activities.

### III.    Dismissal of PBMM's Federal Securities Fraud Claims

Neither § 10(b) of the Exchange Act nor Rule 10b-5 "expressly creates" a private right of action for securities fraud; however, the Supreme Court has long recognized that "'a private right of action is implied under § 10(b).'" *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011) (quoting *Superintendent of Ins. of N.Y. v. Bankers Life & Cas. Co.*, 404 U.S. 6, 13 n.9 (1971)). This private right of action is available only to "purchasers or sellers of securities[,]" and in "dealing with a private cause of action which has been judicially found to exist, and which will have to be judicially delimited one way or another unless and until Congress addresses the question[,]" the Court has cautioned against an "endless case-by-case erosion" of the purchaser-or-seller requirement through "shifting and highly fact-oriented" inquiries. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 736, 749, 755 (1975). As a result, the private right to bring a federal securities fraud claim is accorded "narrow dimensions." *Janus Capital Grp., Inc.*, 564 U.S. at 142 (quoting *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 165 (2008)).

In contrast, a "security" "is construed in a 'flexible' manner[]" to encompass the variety of "'schemes devised by those who seek the use of the money of others on the promise of profits.'" *Caiola v. Citibank, N.A., N.Y.*, 295 F.3d 312, 325 (2d Cir. 2002) (quoting *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946)).

In its Complaint, PBMM alleges that it issued bonds or, alternatively, caused Hapoalim and Chan to issue bonds and, on that basis, was a "seller" of a "security." *See, e.g.*, App. at 44, ¶ 192 (alleging that PBMM's Board authorized "Hapoalim and Chan to issue the bond[]"); *id.* at 47, ¶ 209 (alleging that PBMM itself "issued the [b]ond and suffered and continues to suffer economic losses"). The District Court correctly concluded that PBMM was not the issuer of the bonds and could not ground its federal securities fraud claims on that status. We do not disturb that conclusion, and in this appeal, PBMM makes no attempt to defend the theory that it should be treated as a "seller" of "securities" because it issued or caused to be issued bonds.

The District Court went further, however, and considered an argument raised for the first time in PBMM's opposition to the motions to dismiss. There, PBMM argued that it was a "direct seller of promissory notes to the [PFA]." (Op. at 10) (citing Chan Opp'n Br. at 5 n.8). It appears that the District Court did not squarely reject PBMM's notes-based theory of liability, that because it *directly* issued *promissory notes*, PBMM was a "seller" of "securities." PBMM advances this same theory of liability on appeal. *See, e.g.*, Appellant's Br. at 12 ("[PBMM's] transfer of the notes[] . . . is a 'sale' under the [Exchange Act], with [PBMM] as 'seller' thereunder."). PBMM's Complaint, however, is bereft of any mention of its issuance, conveyance, or sale of promissory notes and does not allege a violation of the Exchange Act on that basis.

Whatever the merits of the District Court's analysis of whether PBMM was a "seller" of a "security" based upon PBMM's alleged sale of promissory notes, we find that the District Court's dismissal of the Complaint was proper because a complaint may not be amended by advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding a party may not amend its complaint by advancing a new theory of liability for the first time in its opposition to a motion to dismiss). The Court thus **AFFIRMS** the District Court's dismissal of PBMM's Complaint on an alternative basis. *See Gmurzynska v.*

6

*Hutton*, 355 F.3d 206, 210 (2d Cir. 2004) ("An appellate court is free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.") (internal quotation marks and citation omitted).  In so ruling, we express no view on whether the conveyance of promissory notes in the circumstances presented in this case rendered PBMM a "seller" of "securities."

## IV.    Dismissal with Prejudice and Denial of Leave to Amend

In opposing the motions to dismiss, PBMM asked the District Court to grant it leave to amend in the event it found dismissal appropriate.  Defendants did not affirmatively oppose PBMM's request for leave to amend although some Defendants sought dismissal with prejudice.

District courts should "freely give leave" to amend "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2); however, denial of leave to amend may be warranted "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted).  "[O]utright refusal to grant . . . leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The District Court did not explain why it denied PBMM leave to amend and we cannot divine a reason for that denial.  *See Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198-99 (2d Cir. 1990) (vacating dismissal of complaint with prejudice where district court did not provide an explanation for its denial of leave to amend and where appellate record did not permit an independent determination of futility).  The District Court also did not explain why dismissal with prejudice was warranted. *See City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014) (finding dismissal with prejudice appropriate because plaintiffs had already amended their complaint and it was "unlikely that the deficiencies raised with respect to the Amended Complaint were unforeseen by plaintiffs when they

7

amended[]" and because "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend").

Because the District Court failed to address PBMM's request for leave to cure any deficiency in its Complaint by amendment, we **VACATE** the District Court's dismissal with prejudice and **REMAND** to the District Court to address whether granting PBMM leave to amend is appropriate under Fed. R. Civ. P. 15.

## V.    Conclusion

For the reasons stated above, we **AFFIRM** the District Court's dismissal of the Complaint, **VACATE** the dismissal with prejudice, and **REMAND** the case to the District Court for further proceedings consistent with this Summary Order.

FOR THE COURT:
Catherine O'Hagan Wolfe

8